# Exhibit A



August 18, 2025

J&B MEDICAL SUPPLY CO INC
50496 W PONTIAC TRAIL
WIXOM, MI 48393 - 2088

Reference #:  DCN: 8252269171
NPI: 1417941774
PTAN: 4981690001

Dear J&B Medical Supply Co Inc:

This is a correction to our previous letter dated August 15th, 2025. We have revised this letter to let you know that in light of this revocation, we cannot continue processing your Revalidation application.

The purpose of this letter is to inform you that pursuant to 42 CFR §§ 405.800, 424.57(e), 424.535(g), and 424.535(a)(1), your Medicare supplier number 4981690001, Medicare enrollment, and Medicare billing privileges for Durable Medical Equipment, Prosthetics, Orthotics and Supplies (DMEPOS), will be revoked effective 30 days from the postmark date of this letter.

We have determined that you are not in compliance with the revocation reason(s) noted below:

**42 CFR §424.535(a)(1) – Noncompliance**
You have been determined not to be in compliance with the enrollment requirements.

We have determined that you are not in compliance with the supplier standards noted below:

**42 CFR §424.57(c)(7)** Maintains a physical facility on an appropriate site. An appropriate site must meet all of the following:
(i) Must meet the following criteria:
    (A)(1) Except for orthotic and prosthetic personnel described in paragraph (c)(7)(i)(A)(2) of this section, maintains a practice location that is at least 200 square feet beginning -
        (i) September 27, 2010 for a prospective DMEPOS supplier;
        (ii) The first day after termination of an expiring lease for an existing DMEPOS supplier with a lease that expires on or after September 27, 2010 and before September 27, 2013; or
        (iii) September 27, 2013, for an existing DMEPOS supplier with a lease that expires on or after September 27, 2013.

    (A)(2) Orthotic and prosthetic personnel providing custom fabricated orthotics or prosthetics in private practice do not have to meet the practice location requirements in paragraph (c)(7)(i)(A)(1) of this section if the orthotic and prosthetic personnel are -
        (i) State-licensed; or
        (ii) Practicing in a State that does not offer State licensure for orthotic and prosthetic personnel.
    (B) Is in a location that is accessible to the public, Medicare beneficiaries, CMS, NSC, and its agents. (The location must not be in a gated community or other area where access is restricted.)
    (C) Is accessible and staffed during posted hours of operation.
    (D) Maintains a permanent visible sign in plain view and posts hours of operation. If the supplier's place of business is located within a building complex, the sign must be visible at the main entrance of the building or the hours can be posted at the entrance of the supplier.
    (E) Except for business records that are stored in centralized location as described in paragraph (c)(7)(ii) of this section, is in a location that contains space for storing business records (including the supplier's delivery, maintenance, and beneficiary communication records).
    (F) Is in a location that contains space for retaining the necessary ordering and referring documentation specified in § 424.516(f).
(ii) May be the centralized location for all of the business records and the ordering and referring documentation of a multisite supplier.
(iii) May be a "closed door" business, such as a pharmacy or supplier providing services only to beneficiaries residing in a nursing home, that complies with all applicable Federal, State, and local laws and regulations. "Closed door" businesses must comply with all the requirements in this paragraph.

*A site visit was conducted on August 06, 2025, at 50496 W Pontiac Trail, Wixom, MI 48393. The site visit revealed that this facility is not normally visited by beneficiaries; therefore, you are in violation of this standard.*

**42 CFR §424.57(c)(14)** Must maintain and replace at no charge or repair directly, or through a service contract with another company, Medicare-covered items it has rented to beneficiaries. The item must function as required and intended after being repaired or replaced.

*A site visit was conducted on August 06, 2025, at 50496 W Pontiac Trail, Wixom, MI 48393. The site visit revealed that you do not maintain and replace at no charge or repair directly, or through a service contract with another company, Medicare-covered items rented to beneficiaries; therefore, you are in violation of this standard.*

Section 1834(j) of the Social Security Act states that, with the exception of medical equipment and supplies furnished incident to a physician's service, no payment may be made by Medicare for items furnished by a supplier unless the supplier has a valid Medicare billing number. Therefore, any expenses for items you supply to a Medicare beneficiary on or after the effective date of the revocation of your billing numbers are your responsibility and not the beneficiary's, unless you have proof that you have notified the beneficiary in accordance with section 1834

(a)(A)(ii) of the Social Security Act and the beneficiary has agreed to take financial responsibility if the items you supply are not covered by Medicare. You will be required to refund on a timely basis to the beneficiary (and will be liable to the beneficiary for) any amounts collected from the beneficiary for such items. If you fail to refund the beneficiary as required under 1834(j)(4) and 1879(h) of the Social Security Act, you may be liable for civil money penalties.

Pursuant to 42 CFR § 424.535(c), you are barred from reenrolling in the Medicare program for a period of one (1) year that shall begin 30 days after the postmark date of this letter. To reenroll after the reenrollment bar has expired, you must meet all requirements for your supplier type. In addition, if submitting a Form CMS-855S application after the reenrollment bar's expiration, 42 C.F.R. § 424.57(d)(3)(ii) states that suppliers are required to maintain an elevated surety bond amount of $50,000 for each final adverse action (which includes a Medicare revocation) imposed. Therefore, if you do not request a reconsideration of this revocation decision or receive an unfavorable decision through the administrative review process, you must submit an elevated surety bond with any application to reenroll in Medicare. Please note that this amount is in addition to, and not in lieu of, the base $50,000 amount that must be maintained.

In light of this revocation, we cannot continue processing your Revalidation application.

**Right to Submit a Corrective Action Plan (CAP) and Reconsideration**

**Request:**

**Corrective Action Plan:** (Only if revoked under 42 C.F.R § 424.535(a)(1))

You may submit a corrective action plan (CAP) in response to an enrollment revocation under 42 C.F.R. § 424.535(a)(1). You may also request a reconsideration (described below). If your enrollment was revoked under authorities other than 42 C.F.R. § 424.535(a)(1), you may **only** submit a reconsideration request in response to those revocation bases.

The CAP is an opportunity to demonstrate that you have corrected the deficiencies identified above and thereby, establish your eligibility to maintain enrollment in the Medicare program. The CAP must--

- Be received in writing within 35 calendar days of the date of this letter and mailed to the address below or emailed to the address below;
- Be signed by the provider or supplier, an authorized or delegated official that has been reported within your Medicare enrollment record, or an authorized representative.
    - If the authorized representative is an attorney, the attorney's statement that the attorney has the authority to represent the provider or supplier is sufficient to accept this individual as the representative.
    - If the authorized representative is not an attorney, the individual provider, supplier, or authorized or delegated official must file written notice of the

  - appointment of a representative with the submission of the reconsideration request.
    - Authorized or delegated officials for groups cannot sign and submit a CAP on behalf of a reassigned provider/supplier without the provider/supplier submitting a signed statement authorizing that individual from the group to act on the reassigned provider's/supplier's behalf.
- Provide evidence to demonstrate that you are in compliance with Medicare requirements.

Please note that CAPs may not be appealed further to the Departmental Appeals Board. Further appeal rights do exist for reconsideration requests (described below). CAP requests should be sent to:

Chags Health Information Technology LLC
P.O. BOX 45266
Jacksonville, FL 32232

Or emailed to:

PEARC@c-hit.com

**Reconsideration Request:**

You may request a reconsideration of this determination. This is an independent review conducted by a person not involved in the initial determination.

Reconsideration requests must--

- ==Be received in writing within 65 calendar days of the date of this letter== and mailed or emailed to the address below.
- State the issues or findings of fact with which you disagree and the reasons for disagreement.
- Be signed by the provider or supplier, an authorized or delegated official that has been reported within your Medicare enrollment record, or an authorized representative.
  - If the authorized representative is an attorney, the attorney's statement that the attorney has the authority to represent the provider or supplier is sufficient to accept this individual as the representative.
  - If the authorized representative is not an attorney, the individual provider, supplier, or authorized or delegated official must file written notice of the appointment of a representative with the submission of the reconsideration request.
  - Authorized or delegated officials for groups cannot sign and submit a reconsideration request on behalf of a reassigned provider/supplier without the

provider/supplier submitting a signed statement authorizing that individual from the group to act on the reassigned provider's/supplier's behalf.

Providers and suppliers may--

- Submit additional information with the reconsideration that may have a bearing on the decision. However, if you have additional information that you would like a Hearing Officer to consider during the reconsideration or, if necessary, an Administrative Law Judge (ALJ) to consider during a hearing, you must submit that information with your request for reconsideration. This is your only opportunity to submit information during the administrative appeals process unless an ALJ allows additional information to be submitted.
- Include an email address if you want to receive correspondence regarding your appeal via email.

If a reconsideration is not requested, CMS deems this a waiver of all rights to further administrative review. More information regarding appeal rights can be found at 42 C.F.R. Part 498.

The reconsideration request should be sent to:

Chags Health Information Technology LLC
P.O. BOX 45266
Jacksonville, FL 32232

Or emailed to:

PEARC@c-hit.com

If you have any questions, please contact our office at 1-866-520-5193 between the hours of 9:00 AM ET and 5:00 PM ET Monday – Friday for suppliers in NPEAST DMEPOS jurisdiction (Alabama, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, Mississippi, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin, District of Columbia, Puerto Rico and US Virgin Islands).

Sincerely,


Kimberly Edwards
Provider Enrollment Records Representative
Novitas Solutions, Inc.